IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GILBERT MENDOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>G. MATTESON, et al.,<br><br>    Defendants. | No. 2:23-CV-0810-KJM-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) G. Matteson, the warden at California State Prison – Solano (CSP Solano); (2) T. Tyler, the chief deputy warden at CSP Solano; (3) R. Jackson, the associate warden at CSP Solano; (4) D. Brida, a correctional captain at CSP Solano; and (5) T. Baker, a correctional sergeant at CSP Solano.  See ECF No. 1, pgs. 2-3.  Plaintiff alleges that he is only being allowed contact visitation with his wife and children on Fridays and Saturdays, which creates a hardship for his family because they are located 130 miles away from the prison and are required to rent a hotel room for one night.  See id. at 11-12.  Plaintiff states that he cannot receive contact visitation on Fridays because his wife works on Fridays.  See id. at 12.  While visitation is allowed on Sundays, it is only allowed by video, which was a policy instituted during the pandemic lock-down.  See id.

## II.  DISCUSSION

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted.

The Due Process Clause does not guarantee a right of unfettered visitation.  See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).  Prisoners have no constitutional right to contact visitation except with their attorneys as part of the right of access to the courts under the First Amendment.  See Dunn v. Castro, 621 F.3d 1196, 1202-03 (9th Cir. 2010); Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam); Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993); Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir. 1986),

abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Overton v. Bazzetta, 539 U.S. 126, 133-36 (2003).

Here, Plaintiff does not claim that all visitation has been denied. To the contrary, Plaintiff admits that he is being permitted contact visitation with his family, but not on days he prefers. Because Plaintiff does not have a right to unfettered visitation, and because Plaintiff is being permitted contact visitation as well as visitation by video, Plaintiff cannot prevail in this case.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 16, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE